UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAMONT DUSTIN BRADSHAW,<br><br>　　　　Petitioner,<br><br>　v.<br><br>R. T. C. GROUNDS,<br><br>　　　　Respondent. | Case No.: 1:12-cv-01976-AWI-JLT (HC)<br><br>ORDER DENYING PETITIONER'S MOTION TO AMEND PETITION FOR WRIT OF HABEAS CORPUS  (Doc. 21) |

Petitioner is a state prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The instant petition was filed on December 4, 2012, raising a single claim of insufficient evidence. (Doc. 1). On April 3, 2013, pursuant to the Court's order, Respondent filed the Answer. (Doc. 11). On June 13, 2013, Petitioner filed his Traverse. (Doc. 20). On June 24, 2013, Petitioner filed the instant motion for leave to file an amended petition, contending that he should be allowed to raise an additional claim of   (Doc. 21).

**DISCUSSION**

A petitioner may amend a petition for writ of habeas corpus once "as a matter of course," and without leave of Court, before a response has been filed under Federal Rule of Civil Procedure 15(a), as applied to habeas corpus actions pursuant to 28 U.S.C. § 2242 and Rule 11 of the Rules Governing Section 2254 Cases. Calderon v. United States District Court (Thomas), 144 F.3d 618, 620 (9th Cir.

1

1998); Bonn v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995). Leave of Court is required for all other amendments. Rule Civ. P. 15(a).

Where, as here, a responsive pleading had already been filed when the motion to amend was filed, the Court, in deciding whether to allow an amendment, may consider "bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether the party has previously amended his pleadings." Bonin v. Calderon, 59 F.3d 815, 844-45 (9th Cir.1995) (applying Rule 15(a) in a habeas case).

**1. DELAY**

As noted above, under Rule 15(a), "leave shall be freely given when justice so requires," and the district court may consider whether there is any evidence of "undue delay, bad faith or dilatory motive" with respect to the filing of the amendment when determining whether leave should be granted. Anthony v. Cambra, 236 F.3d 568, 578 (9th Cir.2000) (citations omitted); Bonin, 59 F.3d at 844-45.

Petitioner, in his motion, explains that he is a layman, that he has no legal training, that he had limited access to the prison law library, and that the "facts underlying the claim could not have been discovered previously through the exercise of due diligence." (Doc. 21, p. 1). The latter contention, however, is patently false since Petitioner was clearly aware at the time of trial which instructions were given to the jury; hence, Petitioner was well aware of the *factual basis*, as distinct from the *legal basis*, for his claim at the time of trial. Moreover, Petitioner's contention that he is not trained in the law and has limited access to the prison law library are realities shared by virtually all inmates; thus, as a basis for granting an untimely amendment, this claims has little persuasive value.

**2. NEW THEORIES**

In Bonin, the Ninth Circuit also held that a district court does not abuse its discretion in denying a motion to amend "where the movant presents no new facts, but only new theories and provides no satisfactory explanation for his failure to fully develop his contentions" in the original petition. Bonin, 59 F.3d at 845.

Here, Petitioner's "new" claim is not based on any new facts, but simply on a new theory of relief that is premised upon the same facts that were known at the time of trial. Apart from his lack of

knowledge of the law, Petitioner provides no justification for waiting until well after briefing has closed in order to raise this new legal theory.

### 3. FUTILITY

In <u>Bonin</u>, the Ninth Circuit held that futility of amendment can, by itself, justify the denial of a motion for leave to amend. <u>Bonin</u>, 59 F.3d at 845; <u>see also</u> <u>Lopez v. Smith</u>, 203 F.3d 1122, 1129-1130 (9th Cir. 2000) (*en banc*) (confirming district court's authority to dismiss without leave to amend where amendment would be futile). Here, amending would be futile since the proposed claim would be untimely because, as discussed below, it does not relate back to the original claim.

Unless a proposed amendment relates back to the original petition under Rule 15(c)(2) of the Federal Rules of Civil Procedure, it would be untimely under the limitations period of 28 U.S.C. § 2244(d)(1). Under Rule 15(c)(2), an amendment of a pleading relates back to the date of the original pleading when "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." The central policy of Rule 15(c) is to ensure "that the non-moving party has sufficient notice of the facts and claims giving rise to the proposed amendment." <u>Anthony v. Cambra</u>, 236 F.3d 568, 576 (9th Cir.2000).

Here, the original claim involved a challenge to the sufficiency of the evidence for a conspiracy to commit murder, specifically the lack of an agreement with other co-conspirators and a lack of intent, despite the fact that Petitioner admits he was a member of a gang that engaged in violent acts, he was associating with members of the gang on the night of the incident, he was driving around in a vehicle with other gang members while holder a Glock weapon, and despite that Plaintiff admits gang rivalry was a motive for the ultimate shooting. (Doc. 1, p. 17). The proposed amended claim involves the question of whether "Petitioner's conviction was based on jury instructions that relieved the prosecutor of the burden of proving the intent element of a crime…." (Doc. 21, p. 1). Sufficiency of the evidence involves an inquiry into whether the prosecution presented sufficient evidence as to each element of the crimes for which Petitioner was convicted, i.e., conspiracy to commit murder, while the proposed claim involves the legal determination whether the instructions given to the jurors accurately stated California law regarding the intent element. These are separate and distinct issues

3

which arise out of separate "conduct, transaction[s], or occurrences[s]," and hence the proposed claim does not relate back to the original claim.  See Anthony, 236 F.3d at 576-577; United States v. Craycraft, 167 F.3d 451 (8th Cir.1999); United States v. Duffus, 174 F.3d 333 (3rd Cir.1999).

However, Petitioner could still seek the amendment if amending the petition were not futile. That is not the case because the claim would be barred as untimely under federal law.  Direct review concluded on January 17, 2012, when the ninety-day period for filing a petition for writ of certiorari in the United States Supreme Court expired.  Barefoot v. Estelle, 463 U.S. 880, 887 (1983); Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir.1999); Smith v. Bowersox, 159 F.3d 345, 347 (8th Cir.1998). Petitioner would then have had one year from the following day, i.e., January 18, 2012, or until January 17, 2013, within which to file any federal habeas claims.  Petitioner filed the original petition on December 4, 2012, approximately two months before the one-year period expired; thus, the original petition, containing its single claim, is timely.  However, Petitioner filed his motion to amend the petition on June 24, 2013, over five months after the one-year period expired.  Because the limitations period is not tolled for the time a habeas petition is pending in federal court, see Duncan v. Walker, 121 S.Ct. 2120, 2129 (2001), the limitations period of 28 U.S.C. § 2244(d)(1) has already expired as to any proposed amendment, unless it relates back to the original claim, which, as discussed above, is not the case.  Thus, since the proposed amendment does not relate back to the original claim and is untimely, it is time-barred.  Hence, any amendment would be futile.

Moreover, the petition indicates that the proposed claim was not presented to the California Supreme Court, as required by the exhaustion doctrine.  A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court.  Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996).  A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis.  Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

Since Petitioner has not already presented his claim to the California Supreme Court, it is

unexhausted and cannot be addressed by this Court. Petitioner has not requested a stay of proceedings to exhaust the proposed claim; however, in light of the time-bar for this claim, no such stay would be granted in any event. Thus, in addition to the untimeliness, lack of exhaustion is another basis for finding the amendment to be futile.

### 4. **PREJUDICE TO THE OPPOSING PARTY**.

As mentioned, Respondent has already filed the Answer and Petitioner has filed his Traverse. The case is fully briefed and awaiting a decision on the merits. While Respondent has not taken a position regarding the proposed amendment, in light of the other issues weighing against amendment, the Court has little choice but to deny the motion to amend for all of the reasons set forth above.

## **ORDER**

For the foregoing reasons, the Court HEREBY ORDERS the Petitioner's Motion to Amend the petition (Doc. 21), is DENIED.

IT IS SO ORDERED.

Dated:   **July 31, 2013**                    **/s/ Jennifer L. Thurston**
                                                               UNITED STATES MAGISTRATE JUDGE